**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTOPHER VAICIUNAS,           )
       Plaintiff,                )
          v.                       )    2:10-CV-1740-RCJ-RJJ
                                 )
CLARK COUNTY COLLECTION SERVICE, )    **ORDER**
                                 )
       Defendant.                )
_____

       Currently before the Court are Plaintiff's Motion for Attorneys' Fees & Costs Pursuant to Acceptance of Offer of Judgment (#14) and Defendant's Countermotion for Referral to State Bar of Nevada (#17). The Court heard oral argument on September 30, 2011.

**BACKGROUND**

       On October 7, 2010, Plaintiff Christopher Vaiciunas filed a 5-page complaint in this Court alleging one claim against Defendant Clark County Collection Service for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (Compl. (#1) at 1-5). On December 30, 2010, Plaintiff filed a request for entry of default against Defendant. (Request for Default Entry (#6) at 1). On January 6, 2011, the parties filed a stipulation and order to set aside default as to Defendant. (Stipulation (#8)). The stipulation stated that "Plaintiff's process server delivered a copy of the Summons and Complaint to 'Evie Meyer,' mistakenly believing her to be an employee of [Defendant] . . . As a result, [Defendant] was never served with a Summons and Complaint, and default was erroneously entered on January 3, 2011." (*Id.* at 1). The stipulation also stated that Defendant's attorney agreed to accept service of the Summons and Complaint and would file a responsive pleading. (*Id.*). The Court granted the

stipulation on January 14, 2011. (Order on Stipulation (#11)).

On February 16, 2011, Plaintiff filed a notice of acceptance of Defendant's Federal Rule of Civil Procedure 68 offer of judgment. (Notice of Acceptance (#12) at 1). The offer of judgment stated that Defendant offers "to allow judgment to be taken against it and in favor of Plaintiff Christopher Vaiciunas, in the total sum of $1,001.00 (One Thousand and 01/100 Dollars). This offer is exclusive of attorneys' fees, costs of suit and prejudgment interest." (Offer of J. (#12) at 3). The offer of judgment stated that it was "not to be construed as an admission of liability or damages." (*Id.* at 4). The pending motions now follow.

## DISCUSSION

Plaintiff files a motion for attorneys' fees and costs pursuant to the acceptance of the offer of judgment and the fee-shifting provision in FDCPA, 15 U.S.C. § 1692k(a). (Mot. for Atty Fees (#14) at 1, 3). Plaintiff seeks $405 in costs based on the filing fee of $350 and the $55 it cost to serve the complaint. (*Id.* at 14, 28). He seeks $3,837.50 in attorneys' fees. (*Id.* at 14-15, 28). He seeks attorneys' fees for Jonathan Goldsmith at the rate of $250/hour for 2.0 hours and for Nicholas Bontrager at the rate of $250/hour for 12.4 hours. (*Id.* at 10, 28). He also seeks 1.9 hours of paralegal and clerk time at $125/hour. (*Id.*). In support of his motion for fees and costs, Plaintiff files a billing summary for time and work completed on the case and provides declarations from attorneys. (*Id.* at 29-31, 33-37).

In response, Defendant makes specific objections to certain attorneys' fees and costs, but also files a countermotion to refer Plaintiff's attorneys to the state bar. (*See* Opp'n to Mot. for Atty Fees (#16); *see* Countermotion (#17)).[1] With respect to the countermotion, Defendant argues that the case was exclusively litigated by Nicholas Bontrager, an out-of-state attorney who is not licensed in Nevada and who did not file a *pro hac vice* application. (Countermotion (#17) at 3). Defendant argues that it should not have to pay any attorneys' fees because they

---

[1] Defendant files both its Opposition to Plaintiff's Motion for Attorneys' Fees and Costs and Countermotion for Referral to State Bar of Nevada in the same document. However, to satisfy local filing rules Docket Entry #16 is entitled the Opposition to Plaintiff's Motion for Attorneys' Fees and Costs and Docket Entry #17 is entitled Countermotion for Referral to State Bar of Nevada.

2

are unlawful and requests that the Court deny the motion in its entirety and refer the matter to the Nevada State Bar for possible disciplinary proceedings. (*Id.* at 16).

With respect to the fee application, Defendant objects to paying any attorneys' fees related to the taking or removal of the default action because Plaintiff's process server did not serve Defendant. (Opp'n to Mot. for Atty Fees (#16) at 3). Because the process server did not serve Defendant, Defendant objects to the cost of $55 for service of the complaint. (*Id.*). Defendant does not object to an award of costs for the $350 filing fee. (*Id.*). Defendant objects to fees in the amount of $755 related to the service and taking of the default. (*Id.* at 4). Defendant also makes objections to 16 time entries listed between September 16, 2010, through February 16, 2011 based on redundancy, vagueness, and ordinariness of the administrative tasks. (*Id.* at 14-15). Defendant argues that, at most, Plaintiff's attorneys' fees should have been $750. (*Id.* at 15-16).

In response to the countermotion, Plaintiff argues that federal courts permit attorneys' fees for work performed by an out-of-state associate counsel. (Resp. to Countermotion (#23) at 6-7). With respect to the motion for attorneys' fees, Plaintiff replies that Defendant did not provide any evidence that its hourly rates were unreasonable. (Reply to Mot. to Atty Fees (#21) at 12). Plaintiff argues that no reduction should be made in its hours but does not reply to the specific objections raised by Defendant. (*Id.* at 14).

As an initial matter, the Court may issue Plaintiff attorneys' fees and costs pursuant to the fee-shifting provision in the FDCPA. *See* 15 U.S.C. § 1692k(a)(3). The FDCPA provides that: "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In this case, the issue is whether Plaintiff can recover attorney's fees generated by an out-of-state bar member who assists a member of the Nevada bar in litigating before a federal district court in Nevada.

In *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815 (9th Cir. 2009), the Ninth Circuit analyzed this exact same issue. There, a member of the Oregon Bar had assisted a

3

member of the California Bar in litigating a case before a federal district court in the Central District of California. *Id.* at 817. The Ninth Circuit held that admissions rules and procedure for federal courts were independent of those that governed admission to practice in state courts even when admission to a federal court was predicated upon admission to the bar of the state court of last resort. *Id.* at 820. In determining whether the Oregon Bar member had engaged in the unauthorized practice of law, the Ninth Circuit looked at federal case law and the federal court's local rules. *Id.* at 822.

The Ninth Circuit held that the Oregon Bar member had not engaged in the unauthorized practice of law based on the facts at hand. *Id.* at 823-24. The Ninth Circuit held that the Oregon Bar member's role was similar to litigation support or consultation and that he did not "appear" before the district court. *Id.* at 823. The Ninth Circuit held that the plaintiffs could recover attorney's fees for the Oregon Bar member because the Oregon Bar member, a non-member of the California Bar,

> did not physically appear before the Central District, did not sign pleadings in the case before the Central District, had minimal, nonexclusive contacts with . . . plaintiffs, that Wheatley, Jr., who was licensed to practice law in California, was the person who alone remained responsible to the plaintiffs, and that [the Oregon Bar member] did not render legal services directly to the plaintiffs.

*Id.* at 825. The Ninth Circuit noted that an out-of-state attorney had to apply for *pro hac vice* admission if that attorney appeared in court, signed pleadings, or was in exclusive contact in a case with the client or opposing counsel. *Id.* The Ninth Circuit held that an attorney could not receive attorney's fees under the holding of the case if there was evidence that he did not meet the legal qualifications to be admitted *pro hac vice* to the bar of the relevant court had he applied. *Id.*

In this case, the billing history for Nicholas Bontrager demonstrates that he did "appear" before this Court even though he did not seek *pro hac vice* admission. On September 16, 2010, Bontrager received the initial inquiry from the client regarding representation, reviewed all facts, contacted the client and discussed facts of the case and potential claims, and drafted the client-attorney agreement and delivered it to the client. (Billing History (#14) at 31). On September 20, 2010, Bontrager interviewed the client prior to drafting the complaint. (*Id.*). On

4

September 28, 2010, Bontrager prepared the complaint and sent it to the client. (*Id.*). On December 20, 2010, Bontrager prepared the motion for default. (*Id.* at 30). On January 3, 2011, Bontrager spoke with opposing counsel and confirmed an extension. (*Id.*). On January 27, 2011, Bontrager received and reviewed an email from the client. (*Id.* at 29). On February 15, 2011, Bontrager received and reviewed the offer of judgment from Defendant. (*Id.*). On February 16, 2011, Bontrager discussed the offer of judgment with the client. (*Id.*). On that same day, Bontrager made a fee demand to the Defendant. (*Id.*). The billing history for Bontrager demonstrates that he did more than simply render legal support to Jonathan Goldsmith, a member of the Nevada Bar. The billing history demonstrates that Bontrager had almost exclusive contact with the client and opposing counsel and did render legal services to the client. Although Goldsmith signed the pleadings, the billing history demonstrates that Bontrager drafted all of the pleadings, was the person who spoke to the client, and was the person who spoke to opposing counsel. As such, the Court denies in part and grants in part Plaintiff's Motion for Attorneys' Fees & Costs Pursuant to Acceptance of Offer of Judgment (#14). The Court grants an award of attorneys' fees in the amount of $1000 and costs in the amount of $350.

Additionally, for the reasons discussed on the record during oral argument, the Court denies Defendant's Countermotion for Referral to the State Bar of Nevada (#7) without prejudice.

///
///
///
///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Attorneys' Fees & Costs Pursuant to Acceptance of Offer of Judgment (#14) is GRANTED in part and DENIED in part. The Court GRANTS attorneys' fees in the amount of $1000 and costs in the amount of $350.

IT IS FURTHER ORDERED that Defendant's Countermotion for Referral to State Bar of Nevada (#17) is DENIED without prejudice.

DATED: This 5th day of October, 2011.

_____
United States District Judge